UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOHN ALBARANO ,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
|  | **JURY TRIAL DEMANDED** |
| -v- | Index No. 15-CV-_____ **08433** _____ |

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, York City
Police Department Detective ("DET.") JEFF HARRIS
(Shield No. 1542), DET. SID CAESAR (Shield No. 2062)
New York City Police Department Sergeant ("SGT.")
JOHN DOE #1, (the name John Doe
being fictitious, as the true name, rank and shield
number is presently unknown), in their individual and
official capacities as to the claims under federal law
and in their individual capacities only under state law,

Defendants.

-------------------------------------------------------------------X

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff JOHN ALBARANO's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested and used unlawful force against the plaintiff.  By reason of defendants' actions, including their unreasonable and unlawful conduct, unreasonable search and seizure, use of excessive force, and malicious prosecution, plaintiff was deprived of his constitutional rights.

1

3.  Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5.  Venue is proper pursuant to 28 U.S.C. § 1391 in that plaintiff's claim arose in the Southern District of New York.

6.  This Court has supplemental jurisdiction over plaintiff's claims against defendants under the constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

8.  Plaintiff JOHN ALBARANO is, and was at all times relevant to this action, a resident of New York County in the State of New York.

9.  Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by New York City Police Department ("NYPD").

2

10. Defendants NYPD Detective ("Det.") JEFF HARRIS (Shield No. 1542), DET. SID CAESAR (Shield No. 2062) NYPD Sergeant JOHN DOE #1, (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, detectives, employees and agents of the NYPD.

11. For all claims under federal law, the individual defendants are being sued herein in their individual and official capacities.

12. For all claims under state law, the individual defendants are being sued in their individual capacities only.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, detectives, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, detectives, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice and gross disregard for plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

16. Unless otherwise indicated, all allegations of fact are based upon inspection of the record in this case, initial investigations of the facts and circumstances surrounding the incident, conversations with Mr. Albarano, and are made on information and belief.

17. The events described herein occurred principally on in the vicinity of 302B West 121st Street in New York County on June 12, 2014 at approximately 4:30 P.M. and thereafter and at the NYPD Narcotics Borough Manhattan North Command.

18. At the time and place described in paragraph "17" *supra*, plaintiff was seated in the front passenger seat of a vehicle then being operated by his wife, Jane Albarano.

19. Mr. Albarano while seated in said location was confronted by unnamed and unidentified individuals who displayed firearms and demanded he display his hands and that he step out of the vehicle.  Plaintiff at first thought he was subject to a car-jacking.  Plaintiff was shocked by defendants' actions.

20. While plaintiff doing as ordered, he learned that the individuals involved were members of the NYPD.  Plaintiff identified himself to Defendant Sergeant, JOHN DOE #1 as a retired New York City Police Officer and informed him that he was armed and indicated where on his body his lawfully carried firearm was located; after doing so Sergeant JOHN DOE #1 responded in sum and substance "I've got a white guy in the middle of the street, with a gun in his belt, what's it going to look like if I let him go."  Claimant was placed in handcuffs and placed in the rear of a police vehicle and transported to Narcotics Borough Manhattan North Command Center, where he was then placed in a holding cell, and held until 7:00 P.M. wherein he was released after the issuance of a desk appearance ticket.

21. Despite knowing that plaintiff had done nothing illegal, defendants' handcuffed and transported plaintiff to the NYPD's Narcotics Borough Manhattan North Command.

22. Upon arrival at the Narcotics Borough Manhattan North Command Defendants' placed plaintiff in a holding cell.

23. Defendants' never informed plaintiff at anytime why they handcuffed him, placed him under arrest and took him into custody, placed him in the rear seating area of an NYPD police vehicle and transported him to the Narcotics Borough Manhattan North Command and placed him in a holding cell.

24. Plaintiff was eventually given a Desk Appearance Ticket, after being confined to a holding cell for approximately two and a half hours, and then he was released.

25. Plaintiff was formally charged with violation of New York State Penal Law 220.03, Criminal possession of a controlled substance in the seventh degree, a class A misdemeanor.

26. Via written notice, the New York County District Attorney formally dismissed all charges in their entirety, without condition against Plaintiff on August 1, 2014.

27. Plaintiff's legally possessed firearm was confiscated at the time of his arrest.

28. As a result of the arrest and initial prosecution, plaintiff was lost out on armed guard employment as a result of his firearm confiscation and his resulting firearms license suspension due to his arrest.

29. As a further result of the arrest and initial prosecution, plaintiff spent approximately $5000.00 in attorneys' fees to defend himself in New York County criminal court.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

    a.  Freedom from unreasonable seizure of his person;

    b.  Freedom from arrest without probable cause;

    c.  Freedom from false imprisonment;

    d.  Freedom from the lodging of false charges against him by police officers;

    e.  Freedom from having police officers fabricate evidence against him;

    f.  Freedom from malicious prosecution by police;

    g.  Freedom from abuse of process;

    h.  Freedom from deprivation of liberty without due process of law; and

    i.  The enjoyment of equal protection, privileges and immunities under the laws.

32. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

**SECOND CLAIM**
**<u>FAILURE TO INTERVENE – FOURTH AMENDMENT – 42 U.S.C. §</u>**
**<u>1983</u>**

33. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

34. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

35. Defendants' were all each present for the above-described incident and witnessed Plaintiff's unlawful arrest.

36. The arrest of plaintiff and the initiation of criminal charges against him was clearly without probable cause or other legal justification, yet defendants' failed to take any action or make any effort to intervene, halt or protect plaintiff from being unlawfully and wrongfully arrested and prosecuted.

37. Defendants' violations of plaintiff's constitutional rights by failing to intervene in other defendants' clearly unconstitutional arrest resulted in the injuries and damages set forth above.

**THIRD CLAIM**
**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK**
**<u>FOR STATE LAW VIOLATIONS</u>**

38. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39. The conduct of the individual defendants alleged herein, occurred while he or she was on duty and in uniform, and/or in and during the course and scope of his or her duties and

7

functions as New York City POLICE OFFICERS, and/or while he or she was acting as an agent and employee of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior for all claims under the laws and Constitution of the State of New York.

40. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious economic and psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**FIFTH CLAIM**
**FALSE ARREST AND FALSE IMPRISONMENT**

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By the actions described above, defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious economic and psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**SIXTH CLAIM**
**ABUSE OF PROCESS**

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm the plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to the plaintiff, which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered specific and serious economic and psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.


**SEVENTH CLAIM**
**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

47. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

49. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered specific and serious economic and psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.


**EIGHTH CLAIM**
**VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW**

50. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. By the actions described above, defendants violated the plaintiff's right to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.


**NINTH CLAIM**
**NEGLIGENCE**

52. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.   The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, the plaintiff was deprived of their liberty, suffered specific and serious economic and psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM
## NEGLIGENT HIRING, SCREENING, RETENTION,
## SUPERVISION, AND TRAINING

55. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised, and trained defendants.   The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered specific and serious economic and psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM
## MALICIOUS PROSECUTION

58. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. By the actions described above, by the false allegations against the plaintiff in the accusatory instrument, the individual defendants caused a criminal proceeding to be initiated against plaintiff, even though there was no probable cause for an arrest or prosecution in this matter. The individual defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further wished to harm and punish plaintiff for illegitimate reasons.   The criminal case against plaintiff was terminated in his favor in that all charges were dismissed in their entirety.

60. As a result of the foregoing, the plaintiff was deprived of his liberty, suffered specific and serious economic and psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional, statutory and common law rights, as well as for his pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on each and every one of his damage claims.


Dated:   New York, New York
         October 23, 2015

                              Respectfully Submitted,


                         By:   _R. S. Blank_____
                               Roger S. Blank (RB0003)
                               *Attorney for Plaintiff*
                               373 Park Avenue South, 6th Floor
                               New York, NY 10016
                               RogerBlankEsq@mac.com
                               Tele: 917-882-2133